```
1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CSBN 154364)
   Assistant United States Attorney
4
       150 Almaden Blvd., Suite 900
5      San Jose, California 95113
       Telephone: (408) 535-5082
6      FAX: (408) 535-5081
       claire.cormier@usdoj.gov
7
   Attorneys for Plaintiff
8  United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. C09-03128 JF |
| ) | |
| Plaintiff, ) | **STIPULATION AND [PROPOSED]** |
| ) | **ORDER REGARDING SETTLEMENT** |
| v. ) | |
| ) | |
| ROBERT C. CHASE and BURTON PAUL ) | |
| CAMENZIND, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Stipulation and Proposed Order Regarding Settlement (hereinafter, "Stipulation") is entered into by the United States of America, acting through the United States Attorney's Office for the Northern District of California and on behalf of the United States Department of Agriculture, Forest Service (collectively, "the United States"), and defendant Burton Paul Camenzind ("Camenzind") and Shirley Hendrickson, as successor in interest to the Estate of defendant Robert C. Chase, deceased ("Chase"), all through their authorized representatives. Camenzind and Chase are hereinafter referred to collectively as "the Defendants." The United States, Camenzind, and Chase are hereinafter collectively referred to as "the Parties."

Stipulation and [Proposed] Order Re Settlement
Case No. C09-3128 JF                          1

**RECITALS**

WHEREAS, on or about July 15, 2003, a fire known as the "Carrizo Fire" burned approximately twenty-five acres in or about National Forest System lands within the boundaries of the Los Padres National Forest in Monterey County, California;

WHEREAS, the United States contends that the Carrizo Fire ignited as a result of actions taken by Defendants. The United States further contends that the tortious acts and/or omissions of Defendants caused the Carrizo Fire, and that they are jointly and severally responsible for all damages incurred by the United States due to the Carrizo Fire, including claims for fire suppression costs, resource damages, and other costs and expenses arising out of the Carrizo Fire;

WHEREAS, Defendants dispute the United States' claims;

WHEREAS, to avoid the delay, uncertainty, inconvenience and expense of further litigation, the Parties mutually desire to reach a full and final settlement of the dispute in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF, pursuant to the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual conditions, terms, and obligations set forth below, the Parties agree to settle this matter as follows:

1. In consideration of the obligations of the United States and the Defendants set forth in this Stipulation, Defendant Camenzind agrees to pay, personally and through his insurance company, American Home Insurance Company, $80,000 to the United States (the "Settlement Amount"). Defendant Camenzind shall pay the full Settlement Amount to the United States by settlement draft made payable to U.S. Department of Justice. Defendant Camenzind agrees to provide the draft no later than 14 days after the Effective Date of this Stipulation, as defined in paragraph 22 below, by delivering it to Claire T. Cormier, Office of U.S. Attorney, 150 Almaden Blvd., Suite 900, San Jose, CA 95113.

2. Subject to the exceptions in Paragraph 3 below, in consideration of the obligations of the Defendants in this Stipulation, and conditioned upon the full payment by Defendant Camenzind of the Settlement Amount, the United States (on behalf of itself, its officers,

1     agents, agencies, and departments) agrees to release the Defendants, each of them, and each of their heirs, executors, officers, administrators, assigns, directors, shareholders, predecessors, successors, partners, employees, members, boards of directors, insurers, sureties, partnerships (including Camenzind Dredging; Bodega Management, Corp.; BBK, Corp.; Edelweiss Equipment LLC; General Securities, LLP; Saltwater Leasing, LLP; Walnut G, LLP; Waterfront One, LLP; and Water Root, LLP) from all liability for any civil claims, demands, obligations, actions, causes of action, damages, costs, losses, attorney's fees, and expenses, including any claims for compensatory or punitive damages, which the United States has or may have relating to the subject matter described in the United States' Complaint, filed in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF.

3. Notwithstanding any term of this Stipulation, specifically reserved and excluded from the scope and terms of this Stipulation as to any entity or person (including Mr. Chase and Mr. Camenzind) are the following claims or potential claims of the United States:

    A.     Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    B.     Any criminal liability;

    C.     Any liability to the United States (or its agencies) for any conduct other than the acts, errors, or omissions described in the United States' Complaint, filed in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF; and

    D.     Any liability based upon such obligations as are created by this Stipulation.

4. In consideration of the obligations of the United States set forth in this Stipulation, Defendants hereby release all other Parties, including the United States and its employees, agents, agencies, and departments, from all liability for any civil claims, demands, obligations, actions, causes of action, damages, costs, losses, attorney's fees, and expenses, including any claims for compensatory or punitive damages, which Defendants

Stipulation and [Proposed] Order Re Settlement
Case No. C09-3128 JF     3

have or may have with respect to the Carrizo Fire, including without limitation those concerning the United States' investigation and litigation of the United States' claims in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF.

5. Upon receipt by the United States of the Settlement Amount described in paragraph 1 above, the United States and Defendant Camenzind shall file a joint stipulation of dismissal with prejudice in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF, pursuant to Federal Rule of Civil Procedure 41(a)(1).

6. The Parties to this Stipulation shall bear their own costs, attorney's fees, and expenses incurred in any manner in connection with the investigation, litigation, and resolution of this matter, including all such costs, attorney's fees, and expenses in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF.

7. This Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity not expressly released by this Stipulation.

8. Each individual signing this Stipulation on behalf of the Defendants warrants and represents that he or she has the power, consent, and authorization to execute this Stipulation.

9. The individual signing on behalf of the United States represents that she is signing this Stipulation in her official capacity and that she is authorized to execute this Stipulation.

10. Each Party represents and warrants that it has not transferred anything being released under this Stipulation, and is not aware of any such transfer, and that the Party is not aware of any prohibition of any type that prevents the Party from performing the terms of this Stipulation.

11. The Parties warrant that, in evaluating whether to execute this Stipulation, they (i) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to the Defendants, within the meaning of 11 U.S.C. 547(c)(1), and (ii) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties

warrant that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which the Defendants were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. 548(a)(1).

12. Nothing in this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of Title 26, United States Code (Internal Revenue Code).

13. Each of the Parties warrants that it has been represented by, and has sought and obtained the advice of, independent counsel with regard to the nature, purpose and effect of this Stipulation.  The Parties hereby declare that the terms of this Stipulation have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice.

14. The Defendants warrant and represent that they are freely and voluntarily entering into this Stipulation without any degree of duress or compulsion whatsoever, after having been apprised of all relevant information by their legal counsel. The Defendants further warrant and represent that no other party or its representative has made any promise, representation, or warranty, express or implied, except as expressly set forth in this Stipulation, and that the Defendants have not relied on any inducements, promises, or representations made by any Party to this Stipulation, or their representatives, or any other person, except as expressly set forth herein.

15. This Stipulation was negotiated by the Parties and their respective counsel, each of whom had the opportunity to participate in the drafting thereof.  It is therefore the intent of the Parties that the words of this Stipulation shall be construed as a whole so as to effect their fair meaning and not for or against any party, the Parties having waived the benefit of California Civil Code 1654 and similar laws.

16. The Parties understand and acknowledge that if the facts with the respect to liability and/or damages with respect to the Carrizo Fire are found hereafter to be different from facts now believed by any Party described herein to be true, each Party expressly accepts

1. and assumes the risks of such possible difference in facts and agrees that this Stipulation shall remain effective, notwithstanding any such differences.

17. This Stipulation constitutes the complete agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or oral, regarding the resolution of the Parties' claims against each other Party with respect to the Carrizo Fire, including without limitation the resolution of the claims in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF.

18. This Stipulation may be executed in counterparts, and each of the counterparts taken together shall constitute one valid and binding agreement among the Parties.

19. This Stipulation may not be altered, amended, or modified, except by a writing duly executed by the authorized representatives of the Parties.

20. This Stipulation is governed by the laws of the United States.  The Parties agree that, should any judicial action be required to enforce or interpret this Stipulation, or to resolve any dispute hereunder, the exclusive jurisdiction and venue for such action shall be in the United States District Court for the Northern District of California.

21. This Stipulation is binding upon the Parties and each of their heirs, successors, assigns, and agents.

22. This Stipulation is effective, final and binding as of the date of signature of the last signatory to the Stipulation ("Effective Date").  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

DATED: _____, 2011     MELINDA HAAG
United States Attorney


_____
CLAIRE T. CORMIER
Assistant United States Attorney

Stipulation and [Proposed] Order Re Settlement
Case No. C09-3128 JF                                    6

**FOR BURTON PAUL CAMENZIND**

DATED: _____, 2011      _____
                                  BURTON PAUL CAMENZIND

**FOR SHIRLEY HENDRICKSON**
As Successor In Interest to the
Estate of Robert C. Chase, Deceased

DATED: _____, 2011      _____
                                  SHIRLEY HENDRICKSON

APPROVED AS TO FORM AND CONTENT:

DATED: _____, 2011      PROUT • LEVANGIE

                                  _____
                                  DANN S. DeMUND
                                  Attorney for Defendant Burton Camenzind

DATED: _____, 2011

                                  _____
                                  JOSEPH J. WISEMAN
                                  Attorney for Defendant Robert C. Chase

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: _____, 2011      _____
                                  JEREMY FOGEL
                                  UNITED STATES DISTRICT COURT JUDGE

and assumes the risks of such possible difference in facts and agrees that this Stipulation shall remain effective, notwithstanding any such differences.

17. This Stipulation constitutes the complete agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or oral, regarding the resolution of the Parties' claims against each other Party with respect to the Carrizo Fire, including without limitation the resolution of the claims in <u>United States v. Robert C. Chase and Burton Paul Camenzind</u>, Case No. 09-03128 JF.

18. This Stipulation may be executed in counterparts, and each of the counterparts taken together shall constitute one valid and binding agreement among the Parties.

19. This Stipulation may not be altered, amended, or modified, except by a writing duly executed by the authorized representatives of the Parties.

20. This Stipulation is governed by the laws of the United States. The Parties agree that, should any judicial action be required to enforce or interpret this Stipulation, or to resolve any dispute hereunder, the exclusive jurisdiction and venue for such action shall be in the United States District Court for the Northern District of California.

21. This Stipulation is binding upon the Parties and each of their heirs, successors, assigns, and agents.

22. This Stipulation is effective, final and binding as of the date of signature of the last signatory to the Stipulation ("Effective Date"). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

DATED: August 31, 2011          MELINDA HAAG
                                United States Attorney

                                /s/ Claire T. Cormier
                                CLAIRE T. CORMIER
                                Assistant United States Attorney

**FOR BURTON PAUL CAMENZIND**

DATED: Aug 2, 2011        _Burton Paul Camenz___
                          BURTON PAUL CAMENZIND

**FOR SHIRLEY HENDRICKSON**
As Successor In Interest to the
Estate of Robert C. Chase, Deceased

DATED: _____, 2011   _____
                          SHIRLEY HENDRICKSON

APPROVED AS TO FORM AND CONTENT:

DATED: 8/8, 2011          PROUT • LEVANGIE

                          ___[signature]_____
                          DANN S. DeMUND
                          Attorney for Defendant Burton Camenzind

DATED: _____, 2011

                          _____
                          JOSEPH J. WISEMAN
                          Attorney for Defendant Robert C. Chase

[PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: _____, 2011   _____
                          JEREMY FOGEL
                          UNITED STATES DISTRICT COURT JUDGE

**FOR BURTON PAUL CAMENZIND**

DATED: _____, 2011

_____
BURTON PAUL CAMENZIND

**FOR SHIRLEY HENDRICKSON**
As Successor In Interest to the
Estate of Robert C. Chase, Deceased

DATED: *August 31*, 2011

*Shirley Hendrickson, Trustee*
SHIRLEY HENDRICKSON
*of the Robert C. Chase Trust*

APPROVED AS TO FORM AND CONTENT:

DATED: _____, 2011     PROUT • LEVANGIE

_____
DANN S. DeMUND
Attorney for Defendant Burton Camenzind

DATED: *Aug 31*, 2011

_____
JOSEPH J. WISEMAN
Attorney for Defendant Robert C. Chase

[PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: 9/1, 2011

_____
JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE